```
                                          ┌────────────────────────┐
                                          │         FILED          │
                                          │  ┌──────────────────┐  │
    UNITED STATES DISTRICT COURT          │  │   JUL 14 2009     │  │
FOR THE EASTERN DISTRICT OF VIRGINIA      │  └──────────────────┘  │
         Norfolk Division                 │ CLERK, U.S. DISTRICT COURT │
                                          │      NORFOLK, VA       │
                                          └────────────────────────┘
```

KEITH D. ATKINS, #365858,

        Petitioner,

v.                        CIVIL ACTION NO. 2:09cv12

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On August 17, 2006, Petitioner, Keith D. Atkins ("Atkins"), was convicted in the Circuit Court of Henrico County, Virginia ("Circuit Court") of statutory burglary while armed, in violation of Virginia Code § 18.2-91 (Case No. CR06001798-00F).[1] Following

---

[1] During trial and sentencing, William S. Francis Jr., Esq., represented Atkins. Dennis M. Martin, Esq., represented Atkins in

a sentencing hearing on October 18, 2006, Atkins was sentenced to a total of ten (10) years imprisonment, six (6) years of which were suspended, as reflected in the court's final order dated October 27, 2006.

On November 6, 2006, Atkins filed a petition for appeal of his burglary conviction in the Court of Appeals of Virginia ("Court of Appeals"). On March 16, 2007, while the petition for appeal in the Court of Appeals was still pending, Atkins filed a petition for writ of habeas corpus in the Circuit Court.[2] On May 23, 2007, a single judge of the Court of Appeals denied Atkins' petition for appeal. Record No. 2394-06-2. On August 8, 2008, the Circuit Court denied and dismissed Atkins' petition for a writ of habeas corpus and Atkins did not appeal.[3]

_____

his appeal to the Virginia Court of Appeals, and David R. Lett, Esq., represented Atkins in his appeal to the Supreme Court of Virginia.

[2] While Atkins' petition for habeas corpus was still pending in the Circuit Court, Atkins also executed a pleading entitled "In Writ of Mandamus" on July 29, 2008, in which he sought disclosure of certain evidence and exhibits. Case No. CL08-1875. The Circuit Court on August 7, 2008, ordered the Attorney General of Virginia to respond on behalf of the respondent. The Respondent argued that "the petitioner [was] attempting to use this 'extraordinary writ' as a discovery tool for a petition for a writ of habeas corpus he already filed. Discovery is not permitted as a matter of right in habeas corpus." Respondent's Motion to Dismiss Petition for Writ of Mandamus, CL08-1975. On September 15, 2008, the Supreme Court of Virginia denied petitioner the relief he sought and dismissed the mandamus pleading that was filed in the Circuit Court. Record No. 081627.

[3] In a letter to the Court seeking to amend his petition, Atkins argues that he did not receive notice of the Circuit Court's

2

Atkins then notified his attorney, Mr. Martin, that he wanted to petition the Court of Appeals for review of his burglary conviction by a three (3) judge panel of the Court of Appeals.[4] However, Atkins' attorney felt the matter "did not involve a substantial constitutional question as a determinative issue or matters of significant precedential value," and thus did not assist Atkins in filing his appeal. Record No. 2394-06-2. , Petitioner's Motion for Delayed Appeal, Exhibit 1. Thus, proceeding pro se, Atkins filed a Motion for Delayed Appeal on October 18, 2007. On December 3, 2007, the Supreme Court of Virginia granted Atkins' motion and authorized him to file a notice of appeal in the Court of Appeals and a petition for appeal with the Supreme Court of Virginia. Record No. 2394-06-2. Additionally, Atkins was appointed new counsel to assist in his appeal on January 4, 2008. On January 22, 2008, Atkins noted his intent to appeal to the Supreme Court of Virginia. On May 14, 2008, the Supreme Court of Virginia refused Atkins' petition for appeal. Record No. 2394-06-2.

Thereafter, on August 4, 2008, Atkins sought leave to file a successive or second habeas petition, and on August 6, 2008, Atkins

---

dismissal of his habeas corpus petition until May 8, 2009. Petitioner's Motion to Amend Petition for Writ of Habeas Corpus, filed May 29, 2009. See infra note 6.

[4] Atkins also appears to have asked his attorney to appeal to the Virginia Supreme Court if the appeal to the three-judge panel of the Court of Appeals was denied.

filed a petition for a writ of habeas corpus in the Supreme Court
of Virginia. On November 5, 2008, the Supreme Court of Virginia
denied Atkins' motion to file a second or successive habeas
petition and ordered Atkins' habeas petition be dismissed.[5] Record
No. 081778.

On November 19, 2008, while in the custody of the Virginia
Department of Corrections at the Red Onion State Prison, Atkins
executed the instant petition for a writ of habeas corpus, pursuant
to 28 U.S.C. § 2254. This Court conditionally filed the petition
on January 8, 2009. On March 9, 2009, Atkins submitted the $5.00
filing fee and the Court ordered the petition be filed. On April
6, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss,
accompanied by a supporting memorandum ("Respondent's Memorandum")
and a Notice of Motion Pursuant to Local Rule 7(k). On April 27,
2009, Atkins filed a response to Respondent's Motion to Dismiss
("Atkins' Response") and a Motion for an Evidentiary Hearing.
Atkins filed a Motion to Postpone Adjudication of Habeas Petition
and a Motion to Amend his Rule 5 Reply in opposition to the motion

---

[5] Atkins did not appeal the denial of his first habeas corpus
petition in the Circuit Court. Additionally, it is clear from the
claims petitioner made in his first habeas petition that Atkins had
knowledge of all the facts at the time he filed his first habeas
petition which form the basis for his successive allegations. The
Supreme Court of Virginia stated that Atkins' habeas corpus
petition should not be granted because, according to Virginia Code
§ 8.01-654(B)(2), "no writ shall be granted on the basis of any
allegation of the facts of which the petitioner had knowledge at
the time of filing any previous petition." Record No. 081778.

to dismiss on May 18, 2009. On May 29, 2009, Atkins filed a Motion to Amend his petition for writ of habeas corpus and his Rule 5 Reply. Atkins moved to amend his petition because he wished to include a letter from the Circuit Court dated May 8, 2009. Petitioner asserts this letter demonstrates that he had no knowledge of the Circuit Court's dismissal of his habeas petition at the time he filed his habeas petition with the Supreme Court of Virginia. This Court hereby GRANTS Petitioner's Motion to Amend pursuant to Rule 11 of the Rules Governing Section 2254 Cases and Rule 15(a)(2) of the Federal Rules of Civil Procedure. Accordingly, the Court will consider the May 8, 2009 letter to be included as part of the petition filed herein.[6]

### B. Grounds Alleged

Atkins now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 on substantially the following grounds:

#### 1. Prosecutorial Error / Misconduct

(a) The Commonwealth presented prejudicial evidence and behaved unprofessionally by seeking the indictment for breaking and entering while armed because there was no basis for that claim. The Commonwealth coached its witnesses and used leading questions to prejudice the defense, and did not investigate the charge to establish its merit.

(b) Petitioner was not found with a weapon on him;

---

[6] However, the Court finds the May 8, 2009 letter does not materially affect the outcome of Atkins' petition in this Court. See supra note 3.

5

therefore no weapon was involved, showing the indictment was frivolous and meritless. The prosecutor misled the grand jury regarding the presence of a weapon because none was found.

(c) The prosecutor gave false statements to the grand jury by stating a weapon was involved, fraudulently causing the grand jury to indict Atkins.

(d) The prosecutor's statement to the grand jury that there was a weapon involved misstated the facts because no weapon was found on petitioner's person or anywhere in the vicinity. Petitioner was falsely arrested for the offense. There is no element of intent in the alleged indictment because there was not sufficient evidence to support the Commonwealth's case. The Commonwealth presented only hearsay from a hostile and out of control witness.

(e) The prosecutor led witness Michelle Lewis by stating the name of the county where she lived in a form of a question, thus giving her the answer.

(f) [Subsection (f) of claim (1) does not contain a claim, but consists entirely of quotes from several cases; it has been left in the list as a placeholder.]

(g) The prosecutor erred by his misconduct throughout the case by giving false and fraudulent statements to the grand jury, by leading and coaching every witness, and by presenting evidence that was not available for use in the trial of the false charges.

## 2. Due Process Violations

(a) During the arraignment and plea, the judge never asked why the Commonwealth continued to lead the witness, Ms. Lewis. The indictment should not have been brought because no evidence supported it. There was clear fraudulent vindictiveness on the part of the Commonwealth. The judge should have ensured impartiality and should have questioned the validity of the indictment.

(b) Petitioner's arrest was blatantly illegal in every way. There was no probable cause for an arrest, and police should have investigated more before assuming he had done anything wrong or had a weapon. The police could

see the defendant did not have a machete when they arrested him.

(c) The police who arrested petitioner never read him <u>Miranda</u> warnings. Petitioner was cooperative with them but they accepted unstable hearsay evidence and charged him with a fraudulent charge.

(d) Petitioner's arrest violated due process and was based upon the statements of an unstable, hostile witness. The Commonwealth presented fictitious evidence from coached witnesses. The court erred by taking Ms. Lewis's contradictory testimony as the truth, when she was threatening and hostile in every way. Petitioner had a key to the apartment, lived there several days a week, had no weapon and did nothing wrong. The court was not impartial and did not correctly apply the reasonable doubt standard.

(e) Petitioner's rights were violated by the bringing of the indictment and the court's blatant disregard for the Constitution and court rules. Petitioner has been subjected to cruel and unusual punishment due to the court's failure to uphold his rights, and its failure to dismiss the illegal, unreasonable and erroneous conviction.

## 3. Ineffective Assistance of Counsel

(a) Petitioner's trial counsel was ineffective for failing to object to the witnesses being led by the prosecutor. He did not properly investigate the matter or preserve the matter for appeal purposes. He did not object to the fact that there was no weapon involved, and that petitioner was illegally arrested.

(b) Petitioner set forth a clear claim that counsel was ineffective, both at trial and on appeal, but these claims were not addressed.

(c) Counsel failed in his obligation to present or argue that the prosecution failed to present sufficient evidence to support the charge. The prosecution had only hearsay evidence which despite the prosecutor's leading and coaching, was still contradictory, but counsel still failed to object to this.

(d) Counsel was ineffective in that he operated

7

under a conflict of interest, thereby breaching his duty of loyalty to the client.

**4. Unreasonable Application (Violation of Due Process) by Virginia Supreme Court.**

(a) The Supreme Court of Virginia erroneously denied petitioner's habeas petition and his motion to file a second or successive petition. The reasons given for doing so were unreasonable, and "the court gave an unreasonable application of the state Code of Va. In it's application for such denial as being that Atkins had such knowledge when he filed his previous petition in the Henrico Co. Circuit Court."

(b) The Supreme Court of Virginia's application of the Code section was unreasonable because petitioner demonstrated in his filing with that court that he diligently attempted to obtain records to prepare his case, but was "brushed off" by the courts.

(c) It is clear that the Supreme Court of Virginia was postponing the discovery of such evidence because it would prove petitioner's innocence.

(d) The Respondent failed to respond to Atkins' petition filed in the Supreme Court of Virginia, and thus, the petitioner was and is entitled to a default judgment in his favor.

(e) The Supreme Court of Virginia improperly found that petitioner "had knowledge of the matters previously when filing the later petition to the court," when in fact petitioner's knowledge was from memory. The court's denial of requested discovery proves petitioner is not guilty.

(f) Petitioner was denied access to Commonwealth's Exhibit 1, a photo of an alleged gash in the victim's wall allegedly made by the machete, and was denied access to the police report, which he was entitled to under Rule 3A:11.

(g) The denial of the photo exhibit for use in petitioner's habeas proceeding equated to the denial of a fair and just defense to prove his innocence, because the photo depicted a square hole and not a gash. The Supreme Court of Virginia's refusal to grant such

8

evidence prevented him from proving his innocence. The court cannot use suspicion that his petition alleged facts of which he had knowledge at the time of filing his previous petition, because they failed to allow him the evidence pursuant to his discovery and mandamus filings.

(h) The Commonwealth's delay in sending petitioner the evidence he requested was an ethical violation, and it prevented his knowledge of facts at the time of filing his previous petition, making the Supreme Court of Virginia's denial of his petition unreasonable.

## II.  PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Atkins' request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). Atkins argues that material facts are in dispute between the parties and evidence needs to be submitted to the Court that cannot be submitted through any other means except oral testimony.  The Court has determined, however, that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised.  See, e.g., Rule 8 of the Rules Governing Section 2254 Cases; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996).[7]  Accordingly, the Court DENIES Atkins'

---

[7] Beaver held that the Court will only hold a new evidentiary hearing when a petitioner:

(1) alleges additional facts that, if true, would entitle him to relief, and (2) establishes any one of the six factors set out by the [Supreme] Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) (overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992)), or one of the factors provided in 28 U.S.C. § [2254(e)].

Id.

Motion for an Evidentiary Hearing.

### III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

#### A. **Exhaustion and Procedural Default**

The Court FINDS that all of Atkins' claims are exhausted, but that claims (1), (2) and (3) are procedurally defaulted. The Court will review Atkins' claim (4) on the merits.

In order for the Court to address the merits of this habeas petition, all of Atkins's claims must be exhausted. See 28 U.S.C. § 2254. The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quotations omitted). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state

10

court," id. at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Further, if any of Atkins's claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state court's finding of procedural default that rests upon a determination of state law is unreviewable even if the state court clearly misapplied state law. See Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998).

The Virginia Supreme Court reviewed and rejected claims (1), (2), and (3) on the ground that the claims were based upon facts of which the petitioner had knowledge at the time of the filing of his first habeas petition, see Va. Code Ann. § 8.01-654(B)(2).[8] The Fourth Circuit has held Va. Code Ann. § 8.01-654(B)(2) to be an "adequate and independent state ground" barring federal habeas

---

[8] Atkins did not appeal the denial of his first habeas corpus petition in the Circuit Court. Additionally, the claims made in Atkins' second habeas petition in the Supreme Court of Virginia were based upon the same facts as the claims made in his first habeas petition. In the instant federal habeas petition, Atkins' claims (1), (2) and (3) are identical to his habeas claims filed in the Supreme Court of Virginia. Claim (4) is a new allegation set forth in the instant federal habeas petition and was not made in any of Atkins' previous habeas petitions.

review of the dismissed claims. <u>Pope v. Netherland</u>, 113 F.3d 1364, 1372 (4th Cir. 1997).

Based on the foregoing, the Court FINDS that Atkins' claims (1), (2) and (3) are procedurally defaulted under Virginia law and are therefore barred from this Court's review. <u>Bassett</u>, 915 F.3d at 936-37; <u>Mu'Min</u>, 125 F.3d at 196.

### 1. Cause and Prejudice or Miscarriage of Justice

Although Atkins' claim is procedurally defaulted, he may still obtain review of the claim if he can establish either: (1) cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. <u>Clagett v. Angelone</u>, 219 F.3d 370, 379 (4th Cir. 2000)(citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)); <u>Weeks v. Angelone</u>, 176 F.3d 249, 269 (4th Cir. 1999). Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n.24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

12

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). It is Atkins' burden to establish the miscarriage of justice exception by providing new evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F.Supp.2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

It appears that Atkins seeks to argue that his procedural default should be excused due to cause and prejudice. Atkins has not established that the factual or legal basis of his claim was not reasonably available to him at the time of the state proceeding, see Hedrick v. True, 443 F.3d 342, 366 (4th Cir. 2006).

The Court construes Atkins to argue that he meets the miscarriage of justice exception as well. However, Atkins has not established that but for the asserted constitutional errors, no reasonable juror would have found him guilty, see Hazel v. United States, 303 F.Supp.2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

Therefore, Atkins has failed to prove cause and prejudice or miscarriage of justice and, accordingly, claims (1), (2) and (3)

remain procedurally defaulted.

### B. Merits

Atkins' claim (4) alleges that the Supreme Court of Virginia violated his constitutional rights by summarily rejecting his petition for a writ of habeas corpus as procedurally barred under Virginia Code § 8.01-654(B)(2). The Court will review this claim on the merits.

The federal habeas statute provides that a "federal court 'shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)(quoting 28 U.S.C. § 2254(a)). Alleged errors and irregularities occurring during state collateral review proceedings are not cognizable on federal habeas review. Id.; Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988).

Atkins' claim (4) merely asserts that the state habeas court committed procedural errors, which are not cognizable on federal habeas review. Accordingly, this Court FINDS that claim (4) is not cognizable on federal habeas review.

### III. RECOMMENDATION

For the foregoing reasons, having found that Atkins' claims (1), (2) and (3) are procedurally defaulted, and claim (4) is not cognizable on federal habeas review, the Court recommends that

14

Atkins' petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Atkins's claims be DISMISSED WITH PREJUDICE.

Atkins has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely objections to the

findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

July 13 , 2009

16

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Keith D. Atkins, #365858
James River Correctional Center
1954 State Farm Rd.
State Farm, VA 23160
PRO SE

Gregory William Franklin
Office of the Attorney General
900 E Main Street
Richmond, VA 23219
Counsel for Defendant


                                    Fernando Galindo,
                                    Clerk of Court


                        By:    _____
                                    Deputy Clerk
                                    July 14 , 2009

17